73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Miguel Raul COREA-ORTEGA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-70517.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1995.*
Decided Dec. 29, 1995.
 
 Before: BROWNING, CANBY and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 The denial of Corea's asylum application was supported by substantial evidence. To be eligible for asylum, Corea was required to demonstrate a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. Secs. 1158(a), 1101(a)(42)(A).
 
 
 3
 Corea claimed he had been persecuted because of his anti-Sandinista political views, stating that he was forced to resign from one job, was fired from another, was denied a shoemaker's license, and had his food ration card confiscated. Corea also testified that mobs had painted pro-Sandinista slogans on his house and that the police had come looking for him shortly before he fled the country. Assuming this treatment constituted persecution on account of Corea's political opinions, it was not severe enough to support an asylum claim in the absence of a well-founded fear of future persecution. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (asylum may be granted on the basis of past persecution alone, but only if the applicant has suffered "atrocious forms of persecution").
 
 
 4
 Substantial evidence supported the finding of the Board that Corea did not establish a well-founded fear of future persecution. Corea testified that he feared persecution and was unwilling to return to Nicaragua until he was "sure of the total change in government." Even assuming the Sandinistas retain considerable power under the Chamorro government, however, Corea did not show there was "a reasonable possibility" he would be persecuted. INS v. Cardoza-Fonseca, 480 U.S. 421, 440 (1987). Corea was never arrested or detained under Sandinista rule, and he was able to leave the country without difficulty. See Saballo-Cortez v. INS, 761 F.2d 1259, 1265 (9th Cir.1985). Corea's family has remained in Nicaragua for nearly a decade without incident. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (applicant's asylum claim undercut by family's continued safety). Although conditions in Nicaragua may not be entirely stable, there is no evidence that Corea "is at particular risk" of persecution. Kotasz v. INS, 31 F.3d 847, 852 (9th Cir.1994).
 
 II.
 
 5
 Because Corea did not establish a well-founded fear of future persecution, denial of withholding of deportation was also proper. INS v. Stevic, 467 U.S. 407, 424 (1984).
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3